

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 19, 2019

The Honorable Richard M. Berman
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York  10007

    **Re:** ***United States*** **v.** ***Filiberto Alomar-Santos*, S2 16 Cr. 500 (RMB)**

Dear Judge Berman:

  The defendant in the above-captioned case, Filiberto Alomar-Santos, is scheduled to be sentenced on November 26, 2019, for participating in a wide-ranging conspiracy to violate the narcotics laws of the United States, in violation of Title 21, United States Code, Section 846, by distributing and possessing with the intent to distribute a quantity of mixtures and substances containing cocaine.  The Government respectfully submits this letter in advance of the sentencing and in response to the defendant's pre-sentence submission dated November 19, 2019 ("Def. Mem.").

  Under the United States Sentencing Guidelines, the sentencing range applicable to the defendant's conduct is 57 to 71 months' imprisonment.

## Background and Investigation

  The defendant was charged by Superseding Indictment on March 8, 2017 (the "Indictment"), at which time certain co-defendants were arrested and the defendant became aware that he was wanted for arrest in connection with the Indictment.  The defendant remained a fugitive for more than a year and a half, before being captured and arrested in Puerto Rico on or about December 5, 2018.  The defendant subsequently pled guilty on July 10, 2019, to one count of conspiring to violate narcotics laws, in violation of Title 21, United States Code, Section 846, by distributing and possessing with the intent to distribute a quantity of mixtures and substances containing cocaine, from in or about May 2015 up to and including in or about February 2017, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).  (*See* Probation Office's Pre-Sentence Investigation Report ("PSR") ¶¶ 1-4.)

  As described in part in the PSR, the investigation that led to the arrest and guilty plea of the defendant involved a significant drug trafficking organization (the "Organization"), based in the New York City area and Puerto Rico, that imported and distributed dozens of kilograms of cocaine in New York and New Jersey between at least 2015 and up to and including 2017.  The investigation thus far has resulted in the indictment on federal charges of 16 individuals.

Honorable Richard M. Berman
November 19, 2019
Page 2

      The Organization arranged for the shipment and delivery of packages containing cocaine, sent via the United States Postal Service from Puerto Rico to New York.  The packages and narcotics subsequently were received and transported by members of the Organization for the purpose of eventual distribution and sale.  The Organization arranged for and facilitated the shipment from Puerto Rico to New York of at least dozens—and likely hundreds—of packages, each containing cocaine in amounts up to approximately four kilograms.

      Members of the conspiracy undertook varying, and sometimes overlapping, roles in the cocaine-trafficking Organization.  Certain participants packaged and mailed the parcels, filling them with cocaine and often concealing the cocaine within innocuous packaging, including using methods of camouflage to conceal the true contents of the parcels.  The packages were then shipped and delivered to addresses in and around the New York City area to individuals either participating in, or recruited by members of, the Organization.  Recipients of the packages then either themselves transported the packages to other individuals in the Organization, or turned over the packages to "runners" who effected the transport to conspirators for the purpose of distribution and sale.

      Following the sale of the cocaine, monetary proceeds were either mailed or physically brought, via courier, to Puerto Rico, to pay the source(s) of supply.  Members of the Organization made numerous trips, often utilizing short-turnaround flights, to deliver thousands of dollars, cash, per trip.  Additionally, members of the conspiracy tracked the delivery status of the cocaine-filled packages, using the relevant U.S. Postal Service tracking numbers, either via the internet or by phone.

      The investigation involved a combination of physical surveillance, witness and defendant interviews, seizures of suspicious packages, review of IP addresses tracking certain packages, review of post office surveillance videos, fingerprint matching, recorded phone calls, and the use of New York State wire intercepts in a related case, among other investigative techniques.  Additionally, numerous packages were seized or surveilled as part of the investigation.

      For their participation in the Organization, the defendants each were charged in one count of conspiring to distribute, and possess with the intent to distribute, detectable amounts of cocaine, in violation of 21 U.S.C. § 846.

      On July 10, 2019, the defendant pleaded guilty to Count One of Superseding Indictment S2 16 Cr. 500 (RMB).  (*See id*. ¶ 4.)  Under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), the sentencing range applicable to the defendant's conduct is 57 to 71 months' imprisonment (the "Guidelines Range").  (*See id*. ¶ 94.)

## Discussion

      The general purposes of sentencing include the need for the sentence imposed to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.  *See United States* v. *Park*, 758 F.3d 193, 197 (2d Cir. 2014) (citing 18 U.S.C. § 3553(a)(2)).  These purposes are effected by considering, among other

Honorable Richard M. Berman
November 19, 2019
Page 3

factors, the nature of the offense, the defendant's role in the crimes committed, and both general and specific deterrence.

As described above, the crimes here are very serious. The drug-trafficking Organization in which the defendant was a participant was extensive, and it included numerous members, dozens of shipments through the mail, and massive quantities of cocaine.

The Organization's activities—and the defendant's conduct—contributed to dangerous and damaging effects of narcotics upon the community and upon the eventual individual customers and users. And the conspiracy abused the very reliability of the United States Postal Service to further their illegal drug trafficking.

The defendant here was involved in facilitating the transfer of U.S. Mail parcels containing cocaine, sent from Puerto Rico to New York, specifically by mailing certain packages involved in the conspiracy from Puerto Rico to the New York area and by receiving packages in New York and maintaining and transporting, and/or unloading, cocaine from certain packages in a storage unit utilized by the Organization (the "Storage Unit") for purposes of facilitating its drug-trafficking operation. In particular, in just the boxes seized by law enforcement officers in a single search of the Storage Unit, the defendant's fingerprints were found on at least six separate boxes of packaging materials. The defendant was observed by law enforcement officers on U.S. Post Office surveillance video sending a package associated with the Organization's drug-trafficking efforts.

The Government acknowledges the defendant's lack of prior criminal history, and, as reflected in the Guidelines calculation, his minor role in the drug conspiracy. (PSR ¶ 55.) The Government also recognizes the defendant's challenging personal circumstances, historically and at present. (*See* Def. Mem. 4-5.) The Government also notes the defendant's family obligations. (*See* Def. Mem. 4.) Those factors are balanced against the seriousness of the crime and the harmful effects of the defendant's conduct, as well as his lengthy status as a fugitive.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By: _____
        Alex Rossmiller
        Assistant United States Attorney
        Tel.: (212) 637-2415

Cc: Raymond Colon, Esq., *counsel for defendant* (via ECF)